UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


SENGSOUVANH VIENGSAVANH,          )    CASE NO. 4:08 CV 2573
                                  )
           Petitioner,            )    JUDGE PATRICIA A. GAUGHAN
                                  )
       v.                         )    MEMORANDUM OF OPINION
                                  )    AND ORDER
HARLEY G. LAPPIN, et al.,         )
                                  )
           Respondents.           )

*Pro se* petitioner Sengsouvanh Viengsavanh filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against Harley G. Lappin, Director of the Bureau of Prisons (BOP), Corrections Corporation of America ("CCA") President John D. Ferguson, and Warden Joseph D. Gunja at the Northeast Ohio Correctional Center (N.E.O.C.C.)  Mr. Viengsavanh, who is incarcerated at N.E.O.C.C., alleges the respondents are violating the Due Process and Equal Protection Clauses of the Constitution, as well as 18 U.S.C. § 242 and 18 U.S.C. § 4001, by transferring him to a CCA facility based on his national origin.  He seeks an order declaring an alleged contractual arrangement between CCA and the BOP null and void, immediate transfer to a low security BOP facility and a directive to the BOP to provide all inmates the same benefits and

privileges regardless of national origin.

*Background*

Mr. Viengsavanh was indicted in 2006 in the United States District Court for the Eastern District of Wisconsin. *United States v. Viengsavanh*, No. 06-cr-0154 (E.D. Wis. 2006). He pleaded guilty to conspiracy to distribute ecstacy and was sentenced to 53 months in prison on June 22, 2006.

Petitioner was classified as a low custody level inmate on August 7, 2008. On the same date his classification changed, he was transferred to N.E.O.C.C. He describes himself as "a non-citizen resident of the United States Immigrant alien from Laos" with no immigrant detainer "because his country (Laos) would not accept his return, and he would be ultimately released in the community. . ." (Pet. at 4.) He asserts "[t]he respondents' contract agreement statement of work (SOW) authorizes the transfer and segregation of B.O.P. inmates to CCA, . . . on the sole basis of said inmate being a 'Non-U.S. citizen criminal alien of low security custody level, and nothing else." (Pet.'s Form under 28 U.S.C. §2241, at ¶ 14.,b.) Petitioner alleges his transfer was based on his "sex, national origin, and Immigration status."[1] (Pet. at 4.) Mr. Viengsavanh claims his transfer violates the Fifth and Fourteenth Amendments of the Constitution because it impermissibly made the determination based on his national origin.

Petitioner maintains he is entitled to be treated the same as all other similarly situated low security inmates because he meets the regulatory definition of an "inmate," as set forth in 28 C.F.R. Part 500.1(c). As such, he claims he is entitled to the same rights and privileges as those

---

[1] Other than noting he is not a citizen of the United States and the fact that a detainer was not issued against him by BICE, Mr. Viengsavanh does not explain how he was discriminated against because of his gender.

prisoners who are citizens of the United States. He cites the Release Preparation Program, Drug and Alcohol Programs, Pre-release Community Corrections Center, and Half Way House Placement as examples of "benefits" offered to citizen inmates.[2]

He now seeks an order from this court declaring respondents' contractual agreement "illegal, unconstitutional, noll [sic] and void," as well as immediate transfer to "an appropriate facility in accordance with the requirement set forth in 18 U.S.C. § 3621(b), and in compliance with the due process and equal protection clauses.

*28 U.S.C. § 2241*

"As the Supreme Court has made clear, 'federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C § 2254[§ 2241 for federal prisoners], and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983.'" *Hodges v. Bell*, No. 04-6167, 2006 WL 508043, (6th Cir. Mar. 2, 2006) (quoting *Muhammad v. Close*, 540 U.S. 749 (2004)). Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). In *Nelson v. Campbell*, 541 U.S. 637, 643 (2004), the Court reiterated this holding when it explained that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance." *See also Muhammed v. Close*, 540 U.S. 749, 750(2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances

---

[2] He does not allege he is eligible for any of these programs or attempted to pursue his placement in any of these programs, or why he failed to pursue any administrative claim prior to filing a federal lawsuit.

of confinement may be presented in a § 1983 action.")

The objections Mr. Viengsavanh raises regarding his prison transfer and the conditions of his confinement at N.E.O.C.C. do not challenge the validity of his conviction or the duration of his sentence. With the exception of *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924 (9th Cir. 1993),[3] every one of the following cases cited by petitioner in support of his constitutional claims was brought under a civil rights statute: *City of Richmond v. J.A. Croson Co.*, 109 S. Ct. 706 (1989); *Cruz v. Beto*, 92 S.Ct. 1079 (1972); *Johnson v. California*, 125 S.Ct. 1141(2005). In all of these cases, just as in the present one, the claimants strictly asserted civil rights violations.[4]

Even *United States v. Jalili*, 925 F.2d 889 (6th Cir. 1991), to which Mr. Viengsavanh directs the court's attention as "binding precedent," does not support his assertion that he is entitled to argue a strictly constitutional claim in a habeas petition. In *Jalili*, the Eastern District Court of Michigan remanded the defendant to the custody of the BOP to serve a ten month sentence at the Community Treatment Center (CTC). After the defendant began serving his sentence at the C.T.C., he was convicted of four felony counts in a state court proceeding. As a result, the BOP determined he was no longer eligible for C.T.C. confinement and transferred him to a more secure facility. The defendant then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, contending he was unlawfully restrained and imprisoned contrary to the express terms of the court's original sentence. On review of the motion, the district court determined it did not have authority to make

---

[3]*Fraley* addressed the petitioner's request for sentencing credit and whether the denial of that credit violated his right to equal protection. Unlike the present petition, the substance of *Fraley* involved sentencing credit and, thus the fact or duration of the petitioner's confinement.

[4]Although petitioner requests transfer pursuant 18 U.S.C. § 3621(b), he fails to explain

a binding designation of the defendant's place of confinement when it imposed its original sentence on December 15, 1989. The judge then vacated the sentence under § 2255 as "not authorized by law." On appeal, the Sixth Circuit held the Jalili's original ten month sentence was lawful, but determined the district court lacked subject matter jurisdiction to hear his challenge to his place of imprisonment under 28 U.S.C. § 2255. *Id.* at 893.

Clearly, the defendant in *Jalili* was challenging the manner in which the BOP was executing his sentence, as opposed to challenging the sentence imposed by the district court. Here, section 2241 is not appropriate because Mr. Viengsavanh is not challenging the execution of his sentence or the length or duration of his confinement.

Without question, claims seeking to challenge the execution or manner in which a sentence is served must be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *Jalili*, 925 F.2d at 893). These claims can, ultimately, effect the fact or duration of a petitioner's confinement, which is what a habeas petition is designed to address. *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir.2007). While this court has jurisdiction over Mr. Viengsavanh's custodian, it lacks subject matter jurisdiction over his claims. Petitioner has not raised any argument that respondents are executing his sentence in any manner contrary to the terms imposed by the District Court of Wisconsin. Where, as here, a claimant asserts his civil rights are being violated because a prison is treating him poorly based on his protected status, the fact or duration of his confinement is not in jeopardy as a matter of law. Therefore, under these circumstances, this court cannot grant the habeas relief petitioner seeks pursuant to 28 U.S.C. § 2241. To the extent Mr. Viengsavanh seeks relief other than earlier release, the appropriate action would be to file a civil rights complaint. *Preiser*, 411 U.S. at 484.

*Conclusion*

Based on the foregoing, the Motion to Proceed *In Forma Pauperis* is granted and the petition is denied pursuant 28 U.S.C. § 2243.  Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                        /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        UNITED STATES DISTRICT JUDGE

Dated: 4/1/09